UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL DEWAYNE GARCIA,

      Plaintiff,

v.                                  Case No. 3:23cv24014-LC-HTC

JEFF BERGOSH, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Michael Dewayne Garcia, proceeding *pro se* and *in forma pauperis*, filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to his arrest and the conditions of his confinement at the Escambia County Jail.[1]  Doc. 5.  As set forth below, the undersigned recommends the case be dismissed for Plaintiff's failure to prosecute and follow orders of the Court.

On October 31, 2023, after screening the amended complaint, the Court issued an order finding Plaintiff failed to comply with the Federal Rules of Civil Procedure and failed to state a claim on which relief may be granted, but, nonetheless, gave him an opportunity to file an amended complaint or file a notice of voluntary dismissal within twenty-one (21) days.  Doc. 11.  The Court warned Plaintiff that

---

[1] Plaintiff was a pretrial detainee at the time he filed this action but was released from custody on October 30, 2023.  http://inmatelookup.myescambia.com/smartwebclient/jail.aspx.

failure to comply with the Order could result in a dismissal.  *Id.* at 6.

The Court's October 31 Order was returned undeliverable on November 13, 2023.  Doc 12.  Because Plaintiff failed to provide a notice of change of address, as he has been repeatedly directed to do, *see* Docs. 4, 7, 9, 11, the Court had no way of communicating with the Plaintiff.[2]  Plaintiff's failure to keep the Court advised of his current address is grounds for dismissal.  *See Battle v. Collier Cnty. Sheriff's Office*, 2014 WL 905483, at *1 (M.D. Fla. Mar. 6, 2014) ("[i]t would be futile to mail an order to show cause why the case should not be dismissed to Plaintiff because the order would be returned to the Court").  Indeed, although some courts have found a show cause order prior to dismissal is futile where Plaintiff's address is unknown, the Court, nonetheless, issued a show cause order to Plaintiff on December 1, 2023, Doc. 13.  To date, Plaintiff has failed to respond to the December 1 show cause order; has failed to submit a second amended complaint or notice of voluntary dismissal; and has failed to update his address with the Court.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a case *sua sponte* where the plaintiff has failed to prosecute his claims or follow a court order.  Fed. R. Civ. P. 41(b); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x

---

[2] According to the Escambia County Inmate Locator the address Garcia gave to jail officials was 2131 Deerwood Road, Pensacola, FL. However, the Court cannot confirm this is Plaintiff's current address and, regardless, Plaintiff has been told on numerous occasions that it is his obligation to notify the Court of changes to his address.

716, 718 (11th Cir. 2011).  The Eleventh Circuit has routinely held that "dismissal upon disregard of an order, especially where the [plaintiff] has been forewarned, generally is not an abuse of discretion." *See, e.g.*, *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Based on the foregoing, dismissal of this case is appropriate.  Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of December, 2023.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.